# Exhibit A



# Notice of Service of Process

null / ALL
**Transmittal Number:** 20321477
**Date Processed:** 08/30/2019

| | |
|---|---|
| **Primary Contact:** | Emilee Hanson<br>State Auto Financial Corporation<br>175 S. Third St.<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Samantha Smith<br>Susan Barrett<br>Melissa Hairston<br>Amber Walker<br>Lindsay Ramos |
| **Entity:** | State Automobile Mutual Insurance Company<br>Entity ID Number  3046925 |
| **Entity Served:** | State Auto Insurance Companies |
| **Title of Action:** | Hiran Investments, Inc. d/b/a Home Plate Bar and Grill vs. State Auto Insurance Companies |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 2019-53865 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/28/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | George B. Murr<br>713-966-6141 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

|  |  |
|---|---|
| RECEIPT NUMBER | 0.00 |
| TRACKING NUMBER | 73655525 ATY |

**CAUSE NUMBER** 201953865

| | |
|---|---|
| **PLAINTIFF:** HIRAN MANAGEMENT INC (D/B/A HOME PLATE BAR & GRILL<br>vs.<br>**DEFENDANT:** STATE AUTO INSURANCE COMPANIES | In The 164th<br>**Judicial District Court of**<br>**Harris County, Texas** |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

SERVICE DATE
1. 8-28-2019
2.
3.
4.
5.
6.

TO: STATE AUTO INSURANCE COMPANIES (FOREIGN CORPORATION) MAY BE SERVED BY
    SERVING ITS REGISTERED AGENT C/O CORPORATION SERVICE COMPANY
    211 E 7TH STREET SUITE 620   AUSTIN   TX   78701 - 3218

Attached is a copy of   PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the ___6th___ day of ___August___, 20__19__, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

**This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___9th___ day of ___August___, 20__19__.

Issued at request of:
MURR, GEORGE BASHIER
4101  WASHINGTON AVENUE
HOUSTON, TX  77007
TEL: (713) 961-6141
Bar Number: 794348

*Marilyn Burgess*
**MARILYN BURGESS, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O.Box 4651, Houston, Texas 77210**

Generated by: KEYS, CHARLIE   CMA//11294777

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ___.M., endorsed the date of delivery thereon, and executed it at _____, _____,
                                                                                              (STREET ADDRESS)                        (CITY)
in _____ County, Texas on the _____ day of _____, 20_____, at _____ o'clock ___.M.,
by delivering to _____, by delivering to its
                (THE DEFENDANT CORPORATION NAMED IN CITATION)
_____, in person, whose name is _____,
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)
a true copy of this citation, with a copy of the _____ Petition attached,
                                                 (DESCRIPTION OF PETITION, E.G., "PLAINTIFFS ORIGINAL")
and with accompanying copies of _____.
                                 (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the ___ day of _____, 20___.

FEE: $_____                          By: _____
                                            (SIGNATURE OF OFFICER)

                                        Printed Name: _____

_____    As Deputy for: _____
Affiant Other Than Officer                              (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____

_____
Notary Public

N.INT.CITC.P                    *73655525*

8/6/2019 11:45 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35722390
By: Miaeda Hutchinson
Filed: 8/6/2019 11:45 AM

*2019-53865 / Court: 164*

CAUSE NO. _____

| | | |
|---|---|---|
| HIRAN INVESTMENTS, INC. D/B/A HOME PLATE BAR AND GRILL, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| STATE AUTO INSURANCE COMPANIES; PAUL MOINOT; THOMASINA MCELLIGOTT, | § § § § | |
| Defendants. | § § § | \_\_\_TH JUDICIAL DISTRICT |

## **PLAINTIFF'S ORIGINAL PETITION**

### **SUMMARY**

1. This is a lawsuit seeking money damages, declaratory judgment, and other relief for the tortious and illegal conduct of Defendants. Plaintiff is a policyholder who filed an insurance claim for damages to its property caused by Hurricane Harvey. Defendants are a national insurance company, its claim representative, and its adjuster who inspected Plaintiff's property.

2. Defendants knowingly and unreasonably delayed payment of Plaintiff's insurance claim and made various misrepresentations about its Policy's coverage. As a proximate result of Defendants' acts, Plaintiff incurred additional unnecessary expenses, nearly lost its rights to litigate under the Policy, and suffered other damages further detailed herein.

3. The policy of these Defendants has been to automatically and summarily draw out claims despite its merits in the hopes that its policyholders would simply give up, reaping even more profits for Defendants. Allowing the Defendants to continue in this way violates Texas common law, Texas statute, and the fundamental public policy underpinning insurance law itself.

4. For these reasons, and as set forth more specifically herein, Plaintiff brings suit against Defendants.

Page 1 of 17

## DISCOVERY LEVEL

5. Plaintiff has elected to conduct discovery under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

## PARTIES

6. Hiran Management, Inc. d/b/a Home Plate Bar & Grill is a domestic corporation whose principal place of business is located at 1800 Texas Avenue, Suite 100, Houston, TX 77003.

7. Defendant State Auto Insurance Companies ("State Auto") is a foreign corporation that, at all times material to this action, has engaged in the business of insurance in Texas. It may be served with process through its registered agent for service of process, Corporation Service Company, 211 E. 7th Street Suite 620, Austin, TX 78701-3218.

8. Defendant Paul Moinot ("Moinot") is an individual who resides in Bexar County, Texas. He may be served with process at 2700 NE Loop 410, Suite 210, San Antonio, TX 78217-4844, or wherever he or anyone who may be authorized by law to accept service for him may be found.

9. Defendant Thomasina McElligott ("McElligott") is an individual who resides in Baldwin County, Alabama. The Texas Secretary of State is her agent for service because she does business in Texas, she does not maintain a regular place of business in Texas, she does not have a designated agent for service of process in Texas, she is licensed to adjust claims in Texas, and the lawsuit arises out of business she conducted in Texas. She may be served with process via the Texas Secretary of State, which will then forward the lawsuit papers to her address at 11033 County Road 54, Daphne, AL 36526-8401.

## AGENCY, RESPONDEAT SUPERIOR, AND CONCERT OF ACTION

10. Whenever it is alleged in this petition that any Defendant or its agents committed any act, omission or thing, it is meant that each Defendant or its agents, adjusters, claims managers, section managers, officers, servants, employees, or representatives committed such act, omission or thing.

Page 2 of 17

PLAINTIFF'S ORIGINAL PETITION

11. Such acts, omissions or things were done with the full authorization or ratification of these Defendants, or done in the normal course and scope of agency of each of its agents, adjusters, claims managers, section managers, officers, servants, employees or representatives.

12. These Defendants acted in concert and civil conspiracy with one another, both individually and collectively, and are therefore legally responsible and liable for its own acts and omissions as well as those of one another.

## CONDITIONS PRECEDENT

13. All conditions precedent to Plaintiff's right to recover and to Defendants' liability have occurred and/or have been performed.

## NOTICE UNDER TEXAS INSURANCE CODE §542A.003

14. Although notice has been issued and received by Defendants pursuant to Texas Insurance Code §542A.003, Plaintiff is not required to further await any response. *See* TEX. INS. CODE § 542A.003(d). Defendants have not yet responded and may unlawfully delay their response in order to later claim a limitations defense.

15. Accordingly, this claim should not be dismissed or abated in any way.

## JURISDICTION AND VENUE

16. Jurisdiction is proper in this Court because the amount of damages sought is within the jurisdictional limits of this Court.

17. Venue is proper as to all of the acts complained of and/or all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Harris County, Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. §15.002.

## FACTUAL BACKGROUND

18. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

19. Between August 25th and 29th of 2017, Hurricane Harvey devastated the greater

Houston area, including Plaintiff's leased portion of the building at 1800 Texas Avenue, Suite 100, Houston, TX 77003 (the "Property"). The fierce winds of this category 4 hurricane penetrated the Property's roof at multiple points, and tore off sections of flashing; this damage enabled Harvey's heavy rains to flood several sections of the Property's interior. As a result of the storm, Plaintiff's bar and grill based in the Property suffered severe harm: all its electronic equipment was destroyed, its on-site inventory was entirely spoiled, and multiple room-sized walk-in coolers failed. Combined with the resulting loss of business income due to the storm, Plaintiff's business was decimated.

20. At the time of the storm, Plaintiff held an insurance policy (the "Policy") covering its leased Property with Defendant State Auto, and had loyally paid its premiums on that Policy. Less than a week after the disaster, Plaintiff filed an insurance claim (the "Claim") under that Policy. – yet, from the day Plaintiff filed the Claim, State Auto disregarded that Claim. On September 1st, 2017 – just three days after Plaintiff filed the Claim – State Auto stated through its agent, Defendant McElligott, that "[b]ased on the known facts of this loss to date, there is a possibility that coverage may not apply." Moreover, even though Plaintiff had specifically alerted State Auto that prompt inspection was necessary, State Auto refused to inspect the Property until Plaintiff provided it with copies of Plaintiff's lease agreement and the insurance information of the Property's owner. This documentation later proved to be immaterial to the claim.

21. When State Auto finally inspected the Property on October 10th, 2017, it sent Defendant Moinot and HAAG Engineering ("HAAG") to examine the Property. However, the only investigation that Moinot stated he performed was conversing with Plaintiff's contractors repairing the Property. Moinot later alleged these contractors gave him "no real explanation of the cause of damage," but nevertheless relied on one contractor's purported statement that "the cause of leaks *mostly* came from . . . the gutters . . . and at penetrations." Moinot also noted several items he thought were "working

at the time of inspection," without asking if Plaintiff had previously repaired those items. Moinot's willful ignorance demonstrated that both he and State Auto had already decided to deny the Claim. At that time, Moinot took no further action despite being under a duty pursuant to the Texas Insurance Code to promptly and reasonably investigate the Plaintiff's claim.

22. Moinot requested immaterial and irrelevant documentation from the Plaintiff. On September 28, 2017, Moinot emailed the Plaintiff seeking lease documentation. Moinot delayed his "evaluation" and refused to move forward with the investigation based on a purported need for lease documentation. Despite this purported need for lease documentation, Moinot never cited the lease or any of its provisions as a basis for denial. This demonstrates that Moinot did not investigate the claim made by the Plaintiff but instead sought to raise extraneous and immaterial issues in order to delay any real investigation, adjustment and/or payment of the claim.

23. Meanwhile, HAAG issued a report (dated November 2nd, 2017) summarizing its inspection. HAAG noted that it "could not find the exact point of moisture entry" at multiple locations, including the "rear and southeast exterior walls." HAAG also warned that the Property's pre-storm rooftop openings did not explain the locations or sizes of the Property's interior leaks. Though it tentatively concluded that the Property's damage did not result from Hurricane Harvey, HAAG offered no alternative explanation of causation for that damage. Given HAAG's hesitance, State Auto and Moinot were obligated to investigate the Claim further to evaluate whether HAAG's initial findings were correct.

24. Instead, State Auto – and its adjuster, Defendant Moinot – denied the entire Claim on December 18th, 2017, exactly 45 days after receiving HAAG's report. In this denial, Moinot and State Auto relied exclusively on HAAG's report, presenting no other evidence – yet these Defendants' factual assertions *contradicted* that very report. State Auto and Moinot claimed that the Policy's

exclusions for "wear and tear" and "faulty, inadequate, or defective . . . workmanship" applied, when HAAG noted that "the mod-bit membranes [of the roof] were in good condition" and *lacked* such flaws. State Auto and Moinot claimed that "created opening by a covered peril" existed and denying coverage of the Claim, when HAAG noted that "[w]ind damage . . . usually begins with the removal of materials along . . . corners, edges, [and] parapets" – such as the "area where the flashing had fallen down." State Auto and Moinot also asserted a variety of Policy exclusions, including "smog," "settling," "nesting or infestation," and "flood," that HAAG never even mentioned in its report.

25. As evident from his December 18, 2017 correspondence, Moinot never actually examined the Plaintiff's damaged equipment and property. All that Moinot claims he did was speak with a technician (who is only described as "Juan"). Moinot never actually examined the units themselves to ascertain the extent and cause of their damages. The same is true for the coolers that were damaged. Moinot never made any actual examination of the damaged coolers. He merely states that he did not have sufficient information.

26. The mishandling of Plaintiff's Claim by State Auto – and its agents, Defendants McElligott and Moinot – demonstrates that State Auto never seriously considered Plaintiff's Claim. From the moment Plaintiff filed the Claim, these Defendants willfully avoided any investigative steps that might disturb their predetermined conclusion of non-coverage. When their own experts' findings challenged their conclusions, the Defendants ignored them; when Plaintiff explicitly asked Defendants to act quickly, the Defendants delayed. Defendants' blindness to their own evidence, invocation of irrelevant and inapplicable exclusions, and willfully ignorant investigative process led to the unjust and unlawful denial of Plaintiff's Claim. Defendants' wrongful acts violated their own Policy, the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and constituted multiple other torts – including breach of contract, negligent misrepresentation, and common-law fraud.

27.     For these reasons, and as set forth more specifically herein, Plaintiff brings suit against the Defendants.

## CAUSES OF ACTION

### UNFAIR SETTLEMENT PRACTICES - VIOLATIONS OF THE TEXAS INSURANCE CODE

28.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

29.     Defendants State Auto and Moinot misrepresented material facts and Policy provisions relating to the Plaintiff's coverage at issue. TEX. INS. CODE §541.060(a)(1). In denying coverage, Moinot – on behalf of State Auto – cited a number of Policy provisions that were unsupported by the material facts of Plaintiff's loss.

30.     Defendants State Auto, McElligott, and Moinot failed to attempt to effectuate a prompt, fair and equitable settlement of Plaintiff's claim, to which liability had become reasonably clear. TEX. INS. CODE §541.060(a)(2)(A). On behalf of State Auto, McElligott demanded that Plaintiff produce documents unnecessary to the inspection process before she would authorize an inspection. On behalf of State Auto, Moinot did the same – and subsequently invoked Policy provisions complaining of Plaintiff's failure to mitigate and promptly address damages because of *his* own delay.

31.     Defendants State Auto and Moinot failed to promptly provide Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their denial of Plaintiff's claim. TEX. INS. CODE §541.060(a)(3). State Auto and Moinot's explanation of their denial of the Claim contradicted their own reports, and consequently was unreasonable. Moinot delayed his investigation and refused to promptly adjust the claim based on a false need for lease documentation. No explanation was ever provided for why Moinot would need these extraneous items.

32.     Defendant State Auto failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies, and failed within a reasonable time to affirm or deny

coverage of the claim or submit a reservation of rights to the Plaintiff. TEX. INS. CODE §541.060(a)(4)(A) & (B). Even after Plaintiff specifically alerted State Auto that inspection was urgently needed, State Auto delayed the inspection of Plaintiff's property for a full month. It is clear that Moinot followed no standards for prompt investigation, as clearly required by an insurance adjuster under the Texas Insurance Code.

33. Defendant State Auto refused to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim. TEX. INS. CODE §541.060(a)(7). State Auto's refusal to re-inspect the Property and double-check HAAG's tentative conclusions was utterly unreasonable given the factual gaps that HAAG specifically highlighted. Moinot refused to examine the damaged food preparation equipment and coolers, instead purporting to rely upon conversations with unidentified individuals.

34. Defendants State Auto and Moinot misrepresented the Policy by making untrue statements of material fact. TEX. INS. CODE §541.061(1). *Inter alia*, on behalf of State Auto, Moinot claimed that damage to the Property's water heaters was excluded – even though *external* storm-caused damage was not damage "resulting from any condition or event *inside*" those heaters.

35. Defendants State Auto and Moinot misrepresented the Policy by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made. TEX. INS. CODE §541.061(2). On behalf of State Auto, Moinot invoked the Policy's exclusion for "flood" – and neglected to state that exclusion applied to ground-based water intrusion, not the rain-caused water intrusion actually present at the Property.

36. Defendants State Auto, McElligott, and Moinot misrepresented the Policy by making statements in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. TEX. INS. CODE §541.061(3). On behalf of State Auto, both McElligott and Moinot

claimed that they required information about Plaintiff's lease and building insurer to perform an inspection, even though that information was unnecessary to find the scope and causation of that loss.

37. All Defendants knowingly committed the aforementioned acts, with actual knowledge of the falsity, unfairness or deception of their acts and practices. TEX. INS. CODE §541.002(1).

## FAILURE TO MAKE PROMPT PAYMENT OF CLAIM – VIOLATIONS OF THE TEXAS INSURANCE CODE

38. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

39. Defendant State Auto failed to timely: (1) acknowledge receipt of Plaintiff's claim; (2) commence its investigation of Plaintiff's claim; and (3) request from Plaintiff all items, statements, and forms that it reasonably believed, at that time, would be required from Plaintiff. TEX. INS. CODE §542.055(a). State Auto refused to commence investigating the Claim within the statutory time limit because Plaintiff did not provide State Auto with its lease agreement and building insurer's claim details. State Auto's demand for this information was unreasonable, as State Auto did not need that information to inspect the Property – only to pay Plaintiff at the *end* of the Claim-handling process.

40. Defendant State Auto failed to timely notify the Plaintiff of the purported reasons that it needed any additional time to investigate the Claim. TEX. INS. CODE §542.056(d). State Auto neither needed nor wanted additional time to conduct its inadequate investigation of the Claim.

41. Defendant State Auto has delayed payment of Plaintiff's claim for more than 60 days after receiving all items, statements, and other forms that it reasonably required to investigate the Claim. TEX. INS. CODE §542.058(a). State Auto has still not paid the "*partially* denied" Claim after two years, even after Plaintiff provided the invoices and repair receipts State Auto claimed to require.

## STATUTORY INTEREST – VIOLATIONS OF THE TEXAS INSURANCE CODE

42. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

43. Plaintiff seeks penalties in the amount of 18% statutory interest on the total value of

the Claim, as well as reasonable attorney's fees, for State Auto's violations of Texas Insurance Code Subchapter B, pursuant to Texas Insurance Code §542.060. TEX. INS. CODE §542.060.

## BREACH OF CONTRACT

44. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

45. Plaintiff entered into a contract with Defendant State Auto – the Policy – wherein Defendant State Auto would provide insurance in exchange for Plaintiff's premium payments.

46. By its bad-faith refusal to seriously consider Plaintiff's Claim, Defendant State Auto breached its contract with Plaintiff.

47. As a result of Defendant's breach of contract, Plaintiff suffered damages, and seeks recovery of all such damages herein.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

48. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

49. Defendant State Auto had a duty to deal fairly and in good faith with the Plaintiff in processing the Claim.

50. Defendant State Auto directly breached its duty to Plaintiff by wrongfully denying insurance benefits to Plaintiff, as well as by its aforementioned mishandling of Plaintiff's Claim.

51. Defendant State Auto further breached its duty to Plaintiff through Defendants Moinot and McElligott by permitting its agents to misrepresent the material facts applicable to the Claim, delay resolution of the Claim, and perform threadbare and inaccurate investigations of that Claim.

52. Defendant State Auto knew or should have known that it had no reasonable basis for denying or delaying Plaintiff's Policy-prescribed benefits, especially because its own investigation's findings indicated that the Policy covered Plaintiff's damage.

53. As a result of Defendant State Auto's breach of its legal duties to Plaintiff, Plaintiff suffered damages and seeks recovery of same herein.

PLAINTIFF'S ORIGINAL PETITION

## AGENCY LIABILITY

54. Defendants Moinot and McElligott were State Auto's agents in handling Plaintiff's Claim.

55. Defendants Moinot and McElligott committed torts against Plaintiff, including common-law fraud, negligent misrepresentation, and civil conspiracy.

56. Defendant Moinot had actual and apparent authority from State Auto to reject Plaintiff's claim.

57. Defendants Moinot's and McElligott's torts were committed in furtherance of State Auto's business of resolving insurance claims under its insurance policies.

58. Defendants Moinot's and McElligott's torts were committed for the accomplishment of the object of their employment – to reduce State Auto's payments on its insurance policies.

59. Defendants Moinot's and McElligott's torts proximately caused Plaintiff's pled damages.

60. As such, State Auto is vicariously liable to Plaintiff for Defendants Moinot's and McElligott's torts, and Plaintiff seeks recovery from State Auto for those torts herein.

## PUNITIVE DAMAGES FOR BAD FAITH

61. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

62. All Defendants acted fraudulently and with malice in their respective actions to refuse payment of the Claim and to deliberately ignore evidence which might compel payment of the Claim. Further, all Defendants had actual, subjective awareness of the risk involved in unjustly denying the Claim, but nevertheless proceeded with conscious indifference to the Plaintiff's rights.

63. For these actions, Plaintiff is entitled to awards of punitive damages against all Defendants.

PLAINTIFF'S ORIGINAL PETITION

## NEGLIGENT MISREPRESENTATION

64. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

65. All Defendants made various representations – namely, representations regarding the condition of the Property – to the Plaintiff in the course of handling the Claim, as well as other transactions in which those Defendants had pecuniary interests.

66. Defendants supplied false information for the guidance of others – namely, Plaintiff.

67. Defendants failed to exercise reasonable care or competence in obtaining or communicating the information they each supplied to Plaintiff. McElligott relied on "known facts" without visiting the Property; Moinot's information outright contradicted HAAG's report; and State Auto's findings from HAAG were explicitly incomplete.

68. Plaintiff justifiably relied upon Defendants' representations.

69. Defendants' negligent misrepresentations proximately caused injury to Plaintiff.

70. For this reason, Plaintiff brings suit to recover any and all damages herein.

## COMMON LAW FRAUD

71. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

72. Defendants made material misrepresentations which were false, known to be false when made, and upon which Defendants intended Plaintiff to rely.

73. Plaintiff relied upon Defendants' misrepresentations.

74. Defendants' fraudulent misrepresentations proximately caused injury to Plaintiff.

75. Defendants' material misrepresentations include, but are not limited to: State Auto and McElligott's misrepresentations regarding the "known facts" of the loss and necessity of lease documentation; and Moinot and State Auto's misrepresentations regarding the Property's condition and applicability of Policy exclusions.

76. For this reason, Plaintiff brings suit to recover any and all damages herein.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES – CONSUMER PROTECTION ACT

77.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

78.     Plaintiff is a "consumer" under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") because it purchased services from Defendant State Auto (the Policy) and Defendants Moinot and McElligott (these Defendants' investigation of the Claim under the Policy). TEX. BUS. & COMM. CODE ANN. § 17.41.

79.     Defendants used false, misleading and deceptive acts or practices as specifically enumerated under the DTPA, which Plaintiff relied upon to its detriment, including the following:

80.     Defendants falsely represented that its services would be of a particular standard, quality or grade. *Id.* §17.46(b)(7). Defendants each represented that their handling of Plaintiff's Claim would be performed professionally. Needless to say, each Defendant failed to meet these standards.

81.     Defendant State Auto knowingly advertised its services with the intent not to sell them as advertised. *Id.* §17.46(b)(9). Defendant State Auto advertised that its dispute-resolution processes would be honored, with no intention of honoring those processes.

82.     Defendants State Auto, McElligott, and Moinot represented that an agreement – the Policy – confers rights, remedies and obligations which it does not have or involve. *Id.* §17.46(b)(12). Nothing in the Policy required Plaintiff to produce its lease agreement or building insurer's claim information as a condition for these Defendants to *begin* to investigate the Claim.

83.     Defendants failed to disclose information to Plaintiff concerning its services that was known at the time of the transactions when such failure to disclose was intended to induce Plaintiff into transactions they would not have entered into had that information been disclosed. *Id.* §17.46(b)(23). Defendants failed to disclose the cursory nature of their claim investigation practices to Plaintiff; Plaintiff would not have bought State Auto's Policy if this information had been disclosed.

84. Defendants performed unconscionable acts and took an unconscionable course of action against Plaintiff, which to Plaintiff's detriment, took advantage of its lack of knowledge, ability, experience or capacity to a grossly unfair degree. *Id.* §17.50(a)(3). Defendants' refusal to perform the most basic investigation of the Claim unfairly leveraged their superior bargaining position, knowledge of claim-handling practices, and access to expert examination of the Property against Plaintiff.

85. The foregoing violations of the DTPA by Defendants were committed either negligently or knowingly and were producing causes of all damages to Plaintiff as described herein.

86. For this reason, Plaintiff brings suit and seeks to recover any and all damages herein.

## CIVIL CONSPIRACY

87. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

88. Defendants, individually and collectively, engaged in a civil conspiracy to damage Plaintiff.

89. Defendants, individually and collectively, had a meeting of the minds to both: (1) accomplish an unlawful purpose; and (2) accomplish a lawful purpose by unlawful means.

90. Defendants, individually and collectively, sought to violate Texas law by depriving the Plaintiff of its contractual rights under the Policy.

91. In contesting Plaintiff's insurance claim, Defendants individually and collectively: (1) violated the Texas Insurance Code and the DTPA; (2) breached State Auto's duties of good faith and fair dealing to the Plaintiff; (3) breached State Auto's contract – the Policy – with the Plaintiff; and (4) committed common law fraud.

92. Defendants, individually and collectively, damaged the Plaintiff by, *inter alia*, violating the Texas Insurance Code, violating the Texas Deceptive Trade Practices-Consumer Protection Act, breaching State Auto's duty of good faith and fair dealing to the Plaintiff, breaching State Auto's Policy with the Plaintiff, and committing common law fraud against the Plaintiff.

93. Defendants, individually and collectively, committed numerous unlawful, overt acts as part of its civil conspiracy, including their fraudulent, bad faith 'investigation' of the Claim.

94. For this reason, Plaintiff brings suit and seek to recover any and all damages herein.

## DECLARATORY JUDGMENT

95. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

96. Plaintiff herein seeks a declaratory judgment on the Policy declaring that Defendants are liable for the claims submitted by the Plaintiff. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001, 37.004 (West 2019).

97. Plaintiff herein further seeks declaratory judgments on the status of Defendants Moinot and McElligott regarding their agency and actions on behalf of Defendant State Auto. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001, 37.004 (West 2019). Plaintiff seeks judgments declaring that Moinot and McElligott each acted in the course and scope of their employments with, and as agents of, Defendant State Auto for all times relevant to this action.

98. For this reason, Plaintiff seeks declaratory judgments from this Court.

## DAMAGES AND NON-MONETARY RELIEF

99. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

100. Plaintiff pleads that the damages it seeks are within the jurisdictional limits of this Court. TEX. R. CIV. P. 47(b).

101. Plaintiff further pleads that it seeks monetary relief of more than $200,000, but not more than $1,000,000. TEX. R. CIV. P. 47(c). Accordingly, this matter is not subject to Rule 169 of the Texas Rules of Civil Procedure.

102. However, the amount of monetary relief actually awarded will ultimately be determined by a jury.

## EXEMPLARY DAMAGES

103. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

104. Defendants' acts and/or omissions caused economic damages to Plaintiff. In committing such acts and/or omissions, Defendants acted with malice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003 (West 2019); TEX. INS. CODE ANN. § 541.002(1) (West 2019). There is clear and convincing evidence of such malice.

105. Defendants also committed common law fraud, and other violations and breaches of duty against Plaintiff, rising to the level of malice. There is likewise clear and convincing evidence that the Defendants' acts and/or omissions constitute such common law fraud, and other violations and breaches of duty.

106. Plaintiff therefore seeks and is fully entitled to awards of exemplary damages against all Defendants.

## ATTORNEY'S FEES

107. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

108. Pursuant to TEX. CIV. PRAC. & REM. CODE §38.001, TEX. INS. CODE §542.060, TEX. BUS. & COMM. CODE § 17.50(d), and all other laws providing for recovery of costs and fees, Plaintiff is entitled to and respectfully seeks to recover all costs, expenses, and reasonable attorney's fees allowed under law.

## JURY DEMAND

109. Plaintiff demands a trial by jury and has paid the appropriate fee to the clerk of the Court.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that, upon final trial and hearing

hereof:

    a.    Judgment be entered against Defendants to recover actual economic damages;

    b.    Judgment be entered against Defendants for appropriate exemplary damages;

    c.    Judgment be entered against Defendants for attorney's fees, costs and expenses incurred by Plaintiff through all appeals;

    d.    Pre-judgment and post-judgment interest be awarded to Plaintiff at the maximum rate permitted by law;

    e.    Costs of suit be awarded to Plaintiff; and

    f.    Any and all such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**MURR YANOCHIK, P.L.L.C.**

/s/ George B. Murr
George B. Murr
murr@my-lawyers.com
Texas Bar No. 00794348
Thomas Ryan Lemens
lemens@my-lawyers.com
Texas Bar No. 24109463
4101 Washington Avenue
Houston, Texas 77007
Telephone: 713-966-6141
Fax: 713-588-2412

**ATTORNEYS FOR PLAINTIFF**